# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **FPL ENERGY SEABROOK, LLC**, on its own behalf and as managing agent of Seabrook Unit 1 Power Station on behalf of co-owners MASSACHUSETTS MUNICIPAL WHOLESALE ELECTRIC COMPANY, TAUNTON MUNICIPAL LIGHTING PLANT, and HUDSON LIGHT AND POWER DEPARTMENT, | ) | |
| Plaintiffs, | ) | No. 04-0088C (Chief Judge Damich) |
| v. | ) | |
| **THE UNITED STATES**, | ) | |
| Defendant. | ) | |

## PLAINTIFFS' STATUS REPORT

Pursuant to the Court's Order dated April 13, 2004, Plaintiffs respectfully submit this brief status report specifying its plans and objectives regarding: 1) the discovery needed, if any, to respond to Defendant's (the "Government") standard dispositive motion on the acceptance rate, which has not yet been filed in this case; and 2) whether discovery previously provided in other spent nuclear fuel cases on the acceptance rate issue would suffice in this case. As detailed below, Plaintiffs believe that discussions as to additional discovery concerning the acceptance rate and related issues may be premature at this time, since there are other issues that should be resolved first in this case – in particular, the Government's liability for breach of contract – before the Court must determine the appropriate acceptance rate to use in assessing Plaintiffs' damages. Moreover, additional discovery on acceptance rate issues may ultimately be unnecessary in this

case because it is likely to be largely duplicative of the discovery provided in other spent nuclear fuel cases. Finally, Plaintiffs are opposed to a stay of this case at this time.

On August 31, 2000 the United States Court of Appeals for the Federal Circuit ("Federal Circuit") issued decisions in Northern States Power Co. v. United States, 224 F.3d 1361 (Fed. Cir. 2000) ("Northern States") and in Maine Yankee Atomic Power Co. v. United States, 225 F.3d 1336, 1337 (Fed. Cir. 2000) ("Maine Yankee"), which together held that the Department of Energy ("DOE") had breached every Standard Contract for Disposal of Spent Nuclear Fuel and/or High-Level Radioactive Waste, 10 C.F.R. § 961.11 ("Standard Contract"). Based on this precedent, a liability determination in favor of Plaintiffs for partial breach of contract should be entered. In that regard, Plaintiffs are prepared and intends to file its motion for summary judgment on liability for partial breach of contract within 30 days of this status report.[1]

In the interests of conserving the resources of both parties and the Court, Plaintiffs would welcome a stipulation from the Government as to its liability for partial breach of contract. However, in spite of the Federal Circuit's clear and final mandate in its Northern States and Maine Yankee decisions, the Government has filed briefs in opposition to plaintiff's motion for summary judgment on liability in several spent nuclear fuel cases. See, e.g., Defendant's Response To Plaintiff's Renewed Motion For The Government To Acknowledge Its Liability On The Issue Of Partial Breach Of Contract, Omaha Pub. Power Dist. v. United States, No. 01-115C

[1] As of the date of this filing, the Government's liability for breach of contract has been found in eight cases involving the Standard Contract: Northern States Power Co. v. United States, No. 98-484C (Wiese, S.J.); Florida Power & Light Co. v. United States, No. 98-483C (Sypolt, J.); Commonwealth Edison Co. v. United States, No. 98-621C (Hewitt, J.); Yankee Atomic Elec. Co. v. United States, No. 98-126C (Merow, S.J.); Connecticut Yankee Atomic Power Co. v. United States, No. 98-154C (Merow, S.J.); Maine Yankee Atomic Power Co. v. United States, No. 98-474C (Merow, S.J.); Indiana Michigan Power Co. v. United States, No. 98-486C (Hodges, J.); and Southern Nuclear Operating Co. v. United States, No. 98-614C (Merow, S.J.).

(Bush, J.) (Dec. 16, 2002). Given the possibility (if not likelihood) that the Government will not concede liability for breach of contract in this case, Plaintiffs respectfully submit that the liability issue should be resolved first before additional discovery proceedings ensue.

Once the liability issue has been resolved in this case, Plaintiffs believe that the issue of discovery regarding acceptance rate and other damages issues should then be considered. Ultimately, additional discovery regarding acceptance rate issues may be unnecessary. If the Government has not altered its position regarding the acceptance rate and Greater-Than-Class-C waste issues that was proffered in the partially dispositive motions that it filed in nearly two dozen spent nuclear fuel cases between late 2001 and late 2002, see, e.g., Defendant's Motion For Summary Judgment Upon Counts I And II Of Plaintiff's Complaint, Detroit Edison Co. v. United States, No. 02-926C (Williams, J.) (Nov. 21, 2002), then any discovery in this case on acceptance rate issues may potentially be a waste of time and resources – as it would likely yield information that is largely duplicative of what the various parties provided in the coordinated discovery proceedings between 2001 and 2002.[2] This coordinated discovery has led to this Court's ruling on the Government's acceptance rate motion (and in some instances, the plaintiff's cross-motion for summary judgment on the acceptance rate) in several spent nuclear fuel cases, see, e.g., Indiana Michigan Power Co. v. United States, 57 Fed. Cl. 88 (2003) ("Indiana Michigan")[3], and would also likely suffice for a ruling in this case.

---

[2] For purposes of this status report, Plaintiffs assume that they would have access to the discovery materials obtained from the Government through the coordinated discovery process. To the extent that the Government possesses additional documents relevant to acceptance rate issues that did not exist or were not previously available during coordinated discovery, Plaintiffs reserve the right to pursue discovery related to these "newer" documents (including, but not limited to, the taking of depositions based upon those documents).

[3] Notably, in each of these rulings, this Court has denied the Government's motion for partial summary judgment on the acceptance rate. See also Commonwealth Edison Co. v. United States, 56 Fed. Cl. 652 (2003). Moreover, in Indiana Michigan, plaintiff's cross-motion for

Finally, as noted above, Plaintiffs are opposed to a stay of this case at this time. There simply is no reason to hold this case in abeyance pending the trial of other spent nuclear fuel actions in this Court, which actions will not control the outcome of this case and involve different damages claims and issues than will be presented here.

## CONCLUSION

For each of the foregoing reasons, therefore, Plaintiffs respectfully request that the Court: 1) defer consideration of discovery on acceptance rate and other related issues in this case until a ruling on the Government's liability for breach of contract has been entered; and 2) as necessary, establish a briefing schedule on the issue of the Government's liability for partial breach of contract.

Dated: April 23, 2004

Respectfully submitted,

s/Alex D. Tomaszczuk by s/Daniel S. Herzfeld
Alex D. Tomaszczuk
**SHAW PITTMAN LLP**
1650 Tysons Boulevard
McLean, VA 22102
(703) 770-7940
(703) 770-7901 (fax)

Counsel of Record for Plaintiffs
FPL Energy Seabrook, LLC
Taunton Municipal Lighting Plant
Hudson Light and Power Department
Massachusetts Municipal Wholesale
Electric Company

Of Counsel:

Jay E. Silberg
Devon E. Hewitt
Michael G. Lepre
Daniel S. Herzfeld
Jack Y. Chu
**SHAW PITTMAN LLP**
2300 N Street, N.W.
Washington, D.C. 20037
(202) 663-8000
(202) 663-8007 (fax)

Document #: 1281584 v.1

---

summary judgment on the acceptance rate was granted, a decision that established an annual acceptance rate of 3,000 MTU as a matter of law. See Indiana Michigan, 57 Fed. Cl. at 99-100.