**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**FPL ENERGY SEABROOK, LLC**, on its own behalf and as managing agent of Seabrook Unit 1 Power Station on behalf of co-owners MASSACHUSETTS MUNICIPAL WHOLESALE ELECTRIC COMPANY, TAUNTON MUNICIPAL LIGHTING PLANT, and HUDSON LIGHT AND POWER DEPARTMENT,

Plaintiffs,

v.

**THE UNITED STATES**,

Defendant.

No. 04-0088C
(Chief Judge Damich)

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO STAY ALL PROCEEDINGS OR, IN THE ALTERNATIVE, FOR COORDINATED DISCOVERY REGARDING RATE AND SCHEDULE ISSUES**

Plaintiffs, through their undersigned counsel, respectfully submit this brief response in opposition to Defendant's (the "Government") Motion To Stay All Proceedings Or, In The Alternative, For Coordinated Discovery Regarding Rate And Schedule Issues ("Motion to Stay") dated March 22, 2004. As detailed below, Plaintiffs believe that a stay of all proceedings in this case is inappropriate since the Government has failed to meet the rigorous standard for the Court to stay proceedings in this case pending the resolution of a separate proceeding. The Government will not suffer hardship or inequity if required to go forward in this case; conversely, a stay, if implemented here, would be of an indefinite duration and potentially cause great prejudice to Plaintiffs. A stay of all proceedings in this case is also inappropriate since a determination of the Government's liability for breach of contract has yet to occur. Furthermore, the Government's

alternative request for coordinated discovery should be rejected since any discovery regarding "rate and schedule issues," coordinated or otherwise, may ultimately be unnecessary in this case because it would be largely duplicative of the coordinated discovery provided in other spent nuclear fuel cases between 2001 and 2002. Hence, for each of these reasons, the Motion to Stay should be denied.

## ARGUMENT

The Government has failed to establish at least two of the three prongs that must be met for a stay of proceedings in this case, pending "the resolution of the trials" in three other spent nuclear fuel cases. Motion to Stay at 1-2. As the Government has conceded at page 8 of the Motion to Stay, this particular type of stay is proper only if: 1) the cases involve "substantially similar" or "related" issues; 2) the requesting party will suffer hardship or inequity if required to go forward; and 3) the requested stay is not of immoderate duration. C3, Inc. v. United States, 5 Cl. Ct. 659, 660 (1984). The Motion to Stay falls woefully short of meeting the second and third prongs.

The Government will not suffer any hardship or inequity if required to go forward with this case. The Motion to Stay complains about the alleged disparities in the three decisions regarding the acceptance rate that had been issued at the time the Government's motion was filed: 1) Commonwealth Edison Co. v. United States, No. 98-621C (Hewitt, J.) ("Commonwealth Edison"); 2) Indiana Michigan Power Co. v. United States, No. 98-486C (Hodges, J.) ("Indiana Michigan"); 3) Yankee Atomic Elec. Co. v. United States, No. 98-126C (Merow, S.J.) ("Yankee Atomic")[1]. Subsequent to the filing of the Motion to Stay, a fourth decision regarding the

[1] As a technical matter, a decision regarding the acceptance rate has actually been issued in six cases thus far, since the ruling in Yankee Atomic was deemed to apply in two other cases as

acceptance rate was issued. Order dated April 7, 2004 in Southern Nuclear Operating Co. v. United States, No. 98-461C (Merow, S.J.) ("Southern Nuclear"). The Government further alleges that if other judges of this Court "have to decide the Government's motions independently, before the 'lead' cases are complete, there is a substantial likelihood that more disparate rulings on the acceptance rate regarding the same operative facts will be issued."[2] Motion to Stay at 10.

The Government's concern about potentially disparate rulings on the acceptance rate is not only unfounded[3] but also premature, because a determination of the Government's liability for breach of contract has not yet occurred in this case. On August 31, 2000 the United States Court of Appeals for the Federal Circuit ("Federal Circuit") issued decisions in Northern States Power Co. v. United States, 224 F.3d 1361 (Fed. Cir. 2000) ("Northern States") and in Maine Yankee Atomic Power Co. v. United States, 225 F.3d 1336, 1337 (Fed. Cir. 2000) ("Maine Yankee"), which together held that the Department of Energy ("DOE") had breached every Standard Contract for Disposal of Spent Nuclear Fuel and/or High-Level Radioactive Waste, 10

---

well, Connecticut Yankee Atomic Power Co. v. United States, No. 98-154C (Merow, S.J.) and Maine Yankee Atomic Power Co. v. United States, No. 98-474C (Merow, S.J.). For purposes of this brief, however, the decisions in these three cases will be treated as a ruling in one case.

[2] These arguments are also eerily reminiscent of those proffered (and rejected) in the Government's three failed attempts to consolidate the spent nuclear fuel cases between 2001 and 2003, and should therefore be rejected here as well.

[3] Based on this Court's rulings regarding the acceptance rate thus far, the Government's concern about the potential risk of inconsistent rulings in other spent nuclear fuel cases is speculative at best. Contrary to the Government's assertions, there have not been significant differences in the rulings that have been issued in Commonwealth Edison, Indiana Michigan, Yankee Atomic, and Southern Nuclear. Actually, in each of these four cases, this Court has rejected the Government's motion for partial summary judgment motion regarding Greater-Than-Class-C waste issues (either on the merits or mootness grounds), see, e.g., Commonwealth Edison, 56 Fed. Cl. 652, 659 (2003), and, more significantly, and rejected the Government's motion for partial summary judgment regarding the acceptance rate. The only potential "inconsistency" thus far is that an annual 3,000 MTU acceptance rate was established as a matter of law in Indiana Michigan, 57 Fed. Cl. 88, 99-100 (2003), but not in Commonwealth Edison, Yankee Atomic, or Southern Nuclear; however, an annual 3,000 MTU acceptance rate may still be found at trial in Commonwealth Edison, Yankee Atomic, and/or Southern Nuclear.

C.F.R. § 961.11 ("Standard Contract"). Based on this precedent, a liability determination in favor of Plaintiffs for partial breach of contract should be entered in this case. In an effort to facilitate the progress of this case, therefore, Plaintiffs are prepared to file their motion for summary judgment on liability within 30 days of this status report.[4]

In the interests of conserving the resources of both parties and the Court, Plaintiffs would welcome a stipulation from the Government as to its liability for partial breach of contract. However, in spite of the Federal Circuit's clear mandate in its Northern States and Maine Yankee decisions, the Government has filed briefs in opposition to plaintiffs' motions for summary judgment on liability in several other spent nuclear fuel cases. See, e.g., Defendant's Response To Plaintiff's Renewed Motion For The Government To Acknowledge Its Liability On The Issue Of Partial Breach Of Contract, Omaha Pub. Power Dist. v. United States, No. 01-115C (Bush, J.) (Dec. 16, 2002). Given the possibility (if not likelihood), however, that the Government will not concede liability for breach of contract in this case, Plaintiffs respectfully submit that the liability issue must be resolved first before any consideration of a stay would be even remotely appropriate. The Government's concerns about "hardship" are thus both unfounded and premature.

The Motion to Stay should also be rejected because the stay sought by the Government is of an uncertain and perhaps extremely extended duration. The Government has specifically

---

[4] As of the date of this filing, the Government's liability for breach of contract has been found in eight cases involving the Standard Contract: Northern States Power Co. v. United States, No. 98-484C (Wiese, S.J.); Florida Power & Light Co. v. United States, No. 98-483C (Sypolt, J.); Commonwealth Edison Co. v. United States, No. 98-621C (Hewitt, J.); Yankee Atomic Elec. Co. v. United States, No. 98-126C (Merow, S.J.); Connecticut Yankee Atomic Power Co. v. United States, No. 98-154C (Merow, S.J.); Maine Yankee Atomic Power Co. v. United States, No. 98-474C (Merow, S.J.); Indiana Michigan Power Co. v. United States, No. 98-486C (Hodges, J.); and Southern Nuclear Operating Co. v. United States, No. 98-614C (Merow, S.J.).

proposed that all proceedings in this case be stayed until "final resolution of the Indiana Michigan, Commonwealth Edison, and Yankee Atomic cases." Motion to Stay at 12. The Government never defines what it means by "final resolution," but the Government presumably would include both interlocutory and final appeals in all three cases. As the Government notes at footnote 1 on page 1 of the Motion to Stay, a trial on damages was recently completed in Indiana Michigan, and trials on the acceptance rate and/or Greater-Than-Class C waste issues are scheduled to take place in Yankee Atomic and Commonwealth Edison between July and August 2004 and between November and December 2004, respectively. Given the possibility, if not probability, of appeals to the Federal Circuit of the outcomes from these three cases, however, it is simply unknown when a "final resolution" of *any* of these cases will occur, much less all three. Such uncertainty suggests that a stay of this case, pending the "final resolution" of three other cases, would last at least one year (and possibly longer than two years). This is hardly a reasonable duration for a stay, and would greatly prejudice Plaintiffs given the significant costs that Plaintiffs have incurred and are incurring to address the DOE's breach and the potential unavailability of any amount of prejudgment interest as part of a damages award. Hence, given the Government's failure to establish the three prongs required for a stay in the C3 case, a stay of all proceedings in this case is clearly inappropriate.

As an alternative motion to the Motion to Stay, the Government has requested that coordinated discovery regarding rate and schedule issues take place. Plaintiffs believe that any discussion about the issue of discovery regarding "rate and schedule issues" should not occur until the liability issue has been resolved in this case. Ultimately, however, discovery regarding acceptance rate issues may be unnecessary. If, for example, the Government has not altered its position regarding rate and schedule issues that has been proffered in nearly two dozen other

spent nuclear fuel cases, then any discovery in this case (coordinated or otherwise) on rate and schedule issues may potentially be a waste of time and resources – as it would likely yield information that is largely duplicative of what the various parties provided in the coordinated discovery proceedings between 2001 and 2002. This coordinated discovery has led to this Court's ruling on the Government's acceptance rate motion in several spent nuclear fuel cases (and in some instances, the plaintiff's cross-motion for summary judgment on the acceptance rate), see, e.g., Indiana Michigan, 57 Fed. Cl. at 88, and would also likely suffice for a ruling in this case. Hence, the Government's alternative motion for coordinated discovery should also be denied.

## CONCLUSION

For each of the foregoing reasons, therefore, Plaintiffs respectfully request that the Court deny the Government's motion to stay all proceedings in this case and alternative motion for coordinated discovery regarding rate and schedule issues.

Dated: April 23, 2004

Respectfully submitted,

s/Alex D. Tomaszczuk by s/Daniel S. Herzfeld
Alex D. Tomaszczuk
**SHAW PITTMAN LLP**
1650 Tysons Boulevard
McLean, VA 22102
(703) 770-7940
(703) 770-7901 (fax)

Counsel of Record for Plaintiffs
FPL Energy Seabrook, LLC
Taunton Municipal Lighting Plant
Hudson Light and Power Department
Massachusetts Municipal Wholesale Electric Company

Of Counsel:

Jay E. Silberg
Devon E. Hewitt
Michael G. Lepre
Daniel S. Herzfeld
Jack Y. Chu
**SHAW PITTMAN LLP**
2300 N Street, N.W.
Washington, D.C. 20037
(202) 663-8000
(202) 663-8007 (fax)

Document #: 1281592 v.1