# APPENDIX

INDEX TO THE APPENDIX

| Document | Pages |
|---|---|
| Protective Order, entered May 9, 2002 | 1-9 |
| Order Governing Review of RIS-Web Database, entered February 1, 2002 | 10-20 |
| Order Governing Scheduling and Conduct of Depositions in Coordinated Discovery Proceedings, entered February 13, 2002 | 21-35 |
| Order Adopting Defendant's E-mail Plan, entered November 8, 2001 | 36-48 |

# In the United States Court of Federal Claims

(Filed May 9, 2002)

FILED
MAY 9 2002
U.S. COURT OF FEDERAL CLAIMS

*************************************** *

YANKEE ATOMIC ELECTRIC COMPANY *
CONNECTICUT YANKEE ATOMIC POWER COMPANY *
MAINE YANKEE ATOMIC POWER COMPANY *
FLORIDA POWER & LIGHT COMPANY *
NORTHERN STATES POWER COMPANY *
DUKE POWER, A Division of DUKE ENERGY CORP. *
INDIANA MICHIGAN POWER COMPANY *
SACRAMENTO MUNICIPAL UTILITY DISTRICT *
SOUTHERN NUCLEAR OPERATING COMPANY, et al. *
COMMONWEALTH EDISON COMPANY *
BOSTON EDISON COMPANY *
GPU NUCLEAR, INCORPORATED *
WISCONSIN ELECTRIC POWER COMPANY *
POWER AUTHORITY OF THE STATE OF NEW YORK *
OMAHA PUBLIC POWER DISTRICT *
NEBRASKA PUBLIC POWER DISTRICT *
TENNESSEE VALLEY AUTHORITY *
PSEG NUCLEAR LLC *

Plaintiffs, *

v. *

THE UNITED STATES, *

Defendant. *

*************************************** *

Case Nos.
98-126C, 98-154C,
98-474C, 98-483C,
98-484C, 98-485C,
98-486C, 98-488C,
98-614C, 98-621C,
99-447C, 00-440C,
00-697C, 00-703C,
01-115C, 01-116C,
01-249C, 01-551C

UNCONSOLIDATED

Judge Diane Gilbert Sypolt

Discovery Judge

Order

On May 8, 2002, defendant filed an unopposed motion for entry of an amended agreement and protective order. The motion is granted.

DIANE GILBERT SYPOLT*
Judge, U.S. Court of Federal Claims

* Appointed as Judge Diane Gilbert Weinstein.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| YANKEE ATOMIC ELECTRIC COMPANY | ) |
| CONNECTICUT YANKEE ATOMIC POWER COMPANY | ) |
| MAINE YANKEE ATOMIC POWER COMPANY | ) |
| FLORIDA POWER & LIGHT COMPANY | ) |
| NORTHERN STATES POWER COMPANY | ) Case Nos. 98-126C, |
| DUKE POWER, A Division of DUKE ENERGY CORP. | ) 98-154C, 98-474C, |
| INDIANA MICHIGAN POWER COMPANY | ) 98-483C, 98-484C, |
| SACRAMENTO MUNICIPAL UTILITY DISTRICT | ) 98-485C, 98-486C, |
| SOUTHERN NUCLEAR OPERATING COMPANY, et al. | ) 98-488C, 98-614C, |
| COMMONWEALTH EDISON COMPANY | ) 98-621C, 99-447C, |
| BOSTON EDISON COMPANY | ) 00-440C, 00-697C, |
| GPU NUCLEAR, INCORPORATED | ) 00-703C, 01-115C, |
| WISCONSIN ELECTRIC POWER COMPANY | ) 01-116C, 01-249C |
| POWER AUTHORITY OF THE STATE OF NEW YORK | ) 01-551C |
| OMAHA PUBLIC POWER DISTRICT | ) |
| NEBRASKA PUBLIC POWER DISTRICT | ) Judge Sypolt |
| TENNESSEE VALLEY AUTHORITY | ) (Discovery Judge) |
| PSEG NUCLEAR LLC, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

AGREEMENT AND PROTECTIVE ORDER

Discovery and other proceedings in this case and the other cases pending before the Court concerning the Standard Contract, 10 C.F.R. Part 961 (hereinafter referred to as the "spent nuclear fuel cases") may require the parties to disclose confidential information (as defined herein) of the parties. Accordingly, it is hereby AGREED BETWEEN THE PARTIES AND THEIR COUNSEL, AND ORDERED BY THE COURT:

1. The term "Confidential Material" shall refer to confidential, financial, trade secret, privileged, competitively-sensitive information or records falling within the scope of the Privacy Act, 5 U.S.C. § 552a, disclosed in discovery or other proceedings in this case. Subject to the

provisions of Paragraph 8 below, material shall be deemed Confidential Material when so designated in the manner described in paragraph 2 below. After disclosure of any "Confidential Material," all copies made of that material, and all notes made therefrom and all references made thereto, of any kind whatsoever, shall also constitute "Confidential Material."

2. The designation of Confidential Material may be made by the disclosing party by placing or affixing on documents disclosed the word "confidential" or by stating in a letter to counsel for the receiving party or parties that all or any portion of the documents accompanying that letter are "Confidential Material" within the meaning of this agreement and order.

3. Each person receiving Confidential Material shall maintain such Confidential Material in his or her possession in a manner sufficient to protect such material against unauthorized disclosure.

4. Confidential Material shall be used by the receiving party solely for the purpose of conducting the above-entitled litigation and not for any business or other purpose whatsoever, except as provided in this agreement and protective order. Confidential Material shall be disclosed only to attorneys for plaintiffs, attorneys for the United States, persons regularly employed in such attorneys' offices, or, subject to the provisions of paragraph 5 below, other persons as reasonably necessary for the litigation of this action. Nothing contained in this agreement and protective order shall prevent or in any way limit or impair the right of counsel for the United States to disclose to any agency of the United States (including other divisions and branches of the Department of Justice) any document or information regarding any potential violation of law or regulation or, subject to procedures that maintain the confidentiality of Confidential Material consistent with this agreement and protective order, prevent or limit in any way the use of such

documents and information by an agency in any proceeding regarding any potential violation of law or regulation.

5. With the exception of attorneys for plaintiffs in the spent nuclear fuel cases, attorneys for the United States, and persons regularly employed in such attorneys' offices, any person to whom Confidential Material is to be disclosed by the receiving party shall first be advised by an attorney for the receiving party or parties that pursuant to this agreement and protective order such person may not divulge any such Confidential Material to any other person not authorized under paragraph 4 above to have access to such Confidential Material. The attorney shall secure from each person a declaration in the form attached hereto, stating that such person has read this agreement and protective order and agrees to be bound by it. Such declaration shall be maintained in the possession of the attorney securing the declaration until further order of the Court.

6. Subject to order of the Court, that portion of any pleading, motion, deposition transcript or other document submitted or presented to or filed with the Court containing Confidential Material shall be placed under seal and shall not be available to persons other than the Court and authorized employees of the Court, the attorneys of record for the parties to the spent nuclear fuel case, and persons authorized by this agreement and protective order. In the event that any Confidential Material is used in any deposition or Court proceeding herein, the parties shall attempt to further stipulate as to the procedures for use of Confidential Material in such proceedings. If necessary, any dispute regarding the procedures for use of Confidential Material in deposition or Court proceedings shall be submitted to the Court for resolution.

7. Nothing in the foregoing provisions of this agreement and protective order shall be deemed to preclude plaintiffs, the United States, or third parties from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material or from seeking and obtaining leave to disclose documents or other discovery material beyond the terms of this agreement and protective order.

8. If a party determines that a previously produced document inadvertently was not identified as containing protected information, the producing party shall give notice in writing that the document is to be treated as containing protected information, and thereafter the designated document shall be treated in accordance with this Order or returned to the producing party if the material is identified as privileged.

9. Nothing in the foregoing provisions of this agreement and protective Order shall be deemed to preclude plaintiffs or the United States from objecting to the designation of documents or other discovery material as Confidential Material. In such event, the party designating the documents or other discovery materials as Confidential Material shall have the burden to file a motion for a protective order with the Court demonstrating that there is good cause to designate the documents or materials as such and that they properly are subject to treatment under this agreement and protective order.

10. Within ninety (90) days after the conclusion of this litigation, the parties shall undertake reasonable and prudent efforts to return all original Confidential Material to the disclosing party and to destroy all copies of and all notes, summaries, and references relating to such Confidential Material and, further, the parties shall certify to the Court that such reasonable and prudent efforts have been undertaken; EXCEPT THAT each party may maintain one copy of any

Confidential Material in its master file for this case, including one copy of any notes or summaries relating to such Confidential Material, provided that any copies of any Confidential Material or notes or summaries relating to such Confidential Material are clearly stamped "Confidential" or affixed with a similar legend indicating that the materials are subject to this agreement and protective order.

11. For information sought that is or may be covered by the Privacy Act, defendant, in response to any discovery properly propounded pursuant to the Rules of the United States Court of Federal Claims, is hereby authorized, pursuant to 5 U.S.C. § 552a(b)(11), to release to opposing counsel in these cases records which are relevant to this action, and which may be subject to the Privacy Act, without obtaining prior written consent of the individual to whom such records pertain. Such disclosures shall be deemed authorized by law.

ORDERED:

______________________________
Judge Diane Gilbert Sypolt

Dated: ____________________

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| YANKEE ATOMIC ELECTRIC COMPANY | ) |
| CONNECTICUT YANKEE ATOMIC POWER COMPANY | ) |
| MAINE YANKEE ATOMIC POWER COMPANY | ) |
| FLORIDA POWER & LIGHT COMPANY | ) |
| NORTHERN STATES POWER COMPANY | ) Case Nos. 98-126C, |
| DUKE POWER, A Division of DUKE ENERGY CORP. | ) 98-154C, 98-474C, |
| INDIANA MICHIGAN POWER COMPANY | ) 98-483C, 98-484C, |
| SACRAMENTO MUNICIPAL UTILITY DISTRICT | ) 98-485C, 98-486C, |
| SOUTHERN NUCLEAR OPERATING COMPANY, et al. | ) 98-488C, 98-614C, |
| COMMONWEALTH EDISON COMPANY | ) 98-621C, 99-447C, |
| BOSTON EDISON COMPANY | ) 00-440C, 00-697C, |
| GPU NUCLEAR, INCORPORATED | ) 00-703C, 01-115C, |
| WISCONSIN ELECTRIC POWER COMPANY | ) 01-116C, 01-249C |
| POWER AUTHORITY OF THE STATE OF NEW YORK | ) 01-551C |
| OMAHA PUBLIC POWER DISTRICT | ) |
| NEBRASKA PUBLIC POWER DISTRICT | ) Judge Sypolt |
| TENNESSEE VALLEY AUTHORITY | ) (Discovery Judge) |
| PSEG NUCLEAR LLC, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

DECLARATION OF ____________________

1. My name is ______________________________.

2. My business address is __________________________

______________________________________________________.

3. My present employer is __________________________

______________________________________________________.

4. My present occupation or job description is

______________________________________________________.

5. I have received a copy of the Agreement and Protective Order entered by the Court in connection with the above-captioned matter.

6. I have carefully read and understand the provisions of the Agreement and Protective Order.

7. I certify that I am eligible to have access to the Confidential Material under paragraph 4 of the Agreement and Protective Order.

8. I will comply with all of the provisions of the Agreement and Protective Order.

9. I will hold all Confidential Material and any duplicates, notes, abstracts or summaries thereof in confidence, will not disclose such information to anyone not specifically entitled to access under the Agreement and Protective Order, and will use the information solely for purposes of this litigation, except as provided by the Agreement and Protective Order.

10. At the conclusion of this litigation, I will return all originals of all Confidential Materials and any duplicates, notes, abstracts or summaries thereof, whether prepared by me or anyone else, to counsel for the party by whom I am employed or retained.

Further declarant sayeth naught.

______________________________
(signature)

DATED: ____________________

# In the United States Court of Federal Claims

(Filed February 1, 2002)

FILED
FEB 1 2002
U.S. COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ************************************** | * | |
| YANKEE ATOMIC ELECTRIC COMPANY | * | |
| CONNECTICUT YANKEE ATOMIC POWER COMPANY | * | |
| MAINE YANKEE ATOMIC POWER COMPANY | * | Case Nos. |
| FLORIDA POWER & LIGHT COMPANY | * | 98-126C, 98-154C, |
| NORTHERN STATES POWER COMPANY | * | 98-474C, 98-483C, |
| DUKE POWER, A Division of DUKE ENERGY CORP. | * | 98-484C, 98-485C, |
| INDIANA MICHIGAN POWER COMPANY | * | 98-486C, 98-488C, |
| SACRAMENTO MUNICIPAL UTILITY DISTRICT | * | 98-614C, 98-621C, |
| SOUTHERN NUCLEAR OPERATING COMPANY, et al. | * | 99-447C, 00-440C, |
| COMMONWEALTH EDISON COMPANY | * | 00-697C, 00-703C, |
| BOSTON EDISON COMPANY | * | 01-115C, 01-116C, |
| GPU NUCLEAR, INCORPORATED | * | 01-249C |
| WISCONSIN ELECTRIC POWER COMPANY | * | UNCONSOLIDATED |
| POWER AUTHORITY OF THE STATE OF NEW YORK | * | |
| OMAHA PUBLIC POWER DISTRICT | * | |
| NEBRASKA PUBLIC POWER DISTRICT | * | Judge Diane Gilbert Sypolt |
| TENNESSEE VALLEY AUTHORITY | * | |
| | * | Discovery Judge |
| Plaintiffs, | * | |
| | * | |
| v. | * | |
| THE UNITED STATES, | * | |
| | * | |
| Defendant. | * | |
| ************************************** | | |

## Order

On January 30, 2002, plaintiffs filed an unopposed motion to enter a stipulated order governing review of the Department of Energy's record

information system database. The motion is granted.

DIANE GILBERT SYPOLT*
Judge, U.S. Court of Federal Claims

---

* Appointed as Diane Gilbert Weinstein.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

RECEIVED OVER THE COUNTER
JAN 3 0 2002
THE OFFICE OF THE CLERK
U.S. COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| YANKEE ATOMIC ELECTRIC COMPANY | ) | |
| CONNECTICUT YANKEE ATOMIC POWER COMPANY | ) | |
| MAINE YANKEE ATOMIC POWER COMPANY | ) | |
| FLORIDA POWER AND LIGHT COMPANY | ) | |
| NORTHERN STATES POWER COMPANY | ) | |
| DUKE POWER, a Division of DUKE ENERGY CORP. | ) | |
| INDIANA MICHIGAN POWER COMPANY | ) | |
| SACRAMENTO MUNICIPAL UTILITY DISTRICT | ) | |
| SOUTHERN NUCLEAR OPERATING COMPANY et al. | ) | Case Nos. 98-126C, |
| COMMONWEALTH EDISON COMPANY | ) | 98-154C, 98-474C, |
| BOSTON EDISON COMPANY | ) | 98-483C, 98-484C, |
| GPU NUCLEAR, INCORPORATED | ) | 98-485C, 98-486C, |
| WISCONSIN ELECTRIC POWER COMPANY | ) | 98-488C, 98-614C, |
| POWER AUTHORITY OF THE STATE OF NEW YORK | ) | 98-621C, 99-447C, |
| OMAHA PUBLIC POWER DISTRICT | ) | 00-440C, 00-697C, |
| NEBRASKA PUBLIC POWER DISTRICT | ) | 00-703C, 01-115C, |
| TENNESSEE VALLEY AUTHORITY, | ) | 01-116C, 01-249C |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Judge Diane |
| | ) | Gilbert Sypolt |
| | ) | (Discovery Judge) |
| UNITED STATES, | ) | |
| | ) | Unconsolidated |
| Defendant. | ) | |
| | ) | |

**UTILITY PLAINTIFFS' UNOPPOSED MOTION FOR ENTRY OF THE ATTACHED "STIPULATED ORDER GOVERNING REVIEW OF THE DEPARTMENT OF ENERGY'S RECORD INFORMATION SYSTEM DATABASE"**

The Utility Plaintiffs in the referenced Spent Nuclear Fuel cases (the "SNF cases") respectfully request that the Court enter the attached "Stipulated Order Governing Review of the Department of Energy's Record Information System Database (the "RIS-WEB")" (copy

at Exhibit A). Counsel for the Government has informed us that the Government does not oppose this Motion.[1]

Under paragraph b. on page 4 of the Coordinated Discovery Order that the Court entered on September 26, 2001, the Government agreed to make the Department of Energy's electronically-searchable RIS-WEB document database available to Utility Plaintiff counsel who had submitted applications and had obtained approvals from DOE. The Coordinated Discovery Order contemplated that the Court would enter the attached stipulated order before the Government would be required to produce any documents that the Utility Plaintiffs selected for copying during their review of the RIS-WEB database. Because the entry of the attached Stipulated Order is necessary for Utility Plaintiffs to obtain potentially relevant documents from the RIS-WEB database, the Utility Plaintiffs respectfully request that the Court enter the attached order.

---

[1] The Utility Plaintiffs recognize that the Court has scheduled a status conference in this matter for February 12, 2002. The Utility Plaintiffs respectfully request that the Court consider this unopposed motion prior to that date, so that, if the motion is granted, the Utility Plaintiffs can begin review of the RIS-WEB documents immediately.

Respectfully submitted,

Alex D. Tomaszczuk
Shaw Pittman LLP
1650 Tysons Blvd
McLean, VA 22102
Tel: (703) 770-7940
Counsel of Record for Plaintiffs:
Boston Edison Company
Duke Power Company
Florida Power and Light Company
GPU Nuclear, Inc.
Indiana Michigan Power Company
Northern States Power Company
Power Authority of the State of New York
Omaha Public Power District
Nebraska Public Power District

M. Stanford Blanton
Balch & Bingham, LLP
1710 Sixth Avenue North
Birmingham, AL 35203
Tel: (205) 251-8100
Counsel of Record for Plaintiff:
Southern Nuclear Operating Company, et al.

Richard C. Johnson
Jenner & Block
601 13th Street, N.W.
Suite 1200 South
Washington, D.C. 20005
Tel: (202) 639-6075
Counsel of Record for Plaintiff:
Commonwealth Edison Company

Jerry Stouck
Spriggs & Hollingsworth
1350 I Street, N.W., 9th Floor
Washington, D.C. 20005-3305
Tel: (202) 898-5839
Counsel of Record for Plaintiffs:
Yankee Atomic Electric Company
Connecticut Yankee Atomic Power Company
Maine Yankee Atomic Power Company

Richard W. Oehler
Perkins Coie LLP
1201 Third Avenue, 40th Floor
Seattle, WA 98101-3099
Tel: (206) 583-8419
Counsel of Record for Plaintiff:
Wisconsin Electric Power Company

Melvin C. Garbow
Arnold & Porter
555 12th Street, N.W.
Washington, D.C. 20004-1206
Tel: (202) 942-5666
Counsel of Record for Plaintiff:
Sacramento Municipal Utility District

Peter K. Shea
Office of General Counsel
Tennessee Valley Authority
400 West Summit Hill Drive
Knoxville, TN 37902-1401
Tel: (865) 632-7319
Counsel of Record for Plaintiff:
Tennessee Valley Authority

Dated: January 30, 2002

**CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing "Unopposed Motion for Entry of the Attached Stipulated Order Governing Review of the Department of Energy's Record Information System Database" was served by facsimile and first class mail on this 30th day of January, 2002 on the following:

Harold D. Lester, Jr.
Assistant Director
Commercial Litigation Branch
Civil Division
United States Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 307-6288

Jeffrey L. Handwerker