**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
(Electronically Filed on January 11, 2005)
UNCONSOLIDATED

| | |
|---|---|
| **CANAL ELECTRIC COMPANY,**<br><br>Plaintiff,<br><br>v.<br><br>**THE UNITED STATES,**<br><br>Defendant. | No. 04-0035C<br>(Judge Hodges) |
| **FPL ENERGY SEABROOK, LLC,** on its own behalf and as managing agent of Seabrook Unit 1 Power Station on behalf of co-owners **MASSACHUSETTS MUNICIPAL WHOLESALE ELECTRIC COMPANY, TAUNTON MUNICIPAL LIGHTING PLANT**, and **HUDSON LIGHT AND POWER DEPARTMENT**,<br><br>Plaintiffs,<br><br>v.<br><br>**THE UNITED STATES,**<br><br>Defendant. | No. 04-0088C<br>(Chief Judge Damich) |

**SEABROOK PLAINTIFFS' CORRECTED RESPONSE TO DEFENDANT'S MOTION TO TRANSFER AND CONSOLIDATE IN ACCORDANCE WITH RCFC 40.2(a)(3) AND 42.1**

Pursuant to RCFC 40.2(a)(3), 42, 42.1, and this Court's January 3, 2005 Order, Plaintiffs FPL Energy Seabrook, LLC, Massachusetts Municipal Wholesale Electric Company, Taunton Municipal Lighting Plant, and Hudson Light and Power Department (together "Seabrook Plaintiffs") in FPL Energy Seabrook, LLC v. United States, No. 04-0088C (Damich., C.J.) ("FPL

Energy Seabrook"), through their undersigned counsel, respectfully respond to Defendant the United States' (the "Government") motion to transfer FPL Energy Seabrook and consolidate it with Canal Electric Co. v. United States, No. 04-0035C ("Canal").[1] For the reasons set forth below, the Seabrook Plaintiffs believe it is premature to take any action to transfer or consolidate these cases.

**BACKGROUND**

In accordance with the Nuclear Waste Policy Act ("NWPA"), the Standard Contract for Disposal of Spent Nuclear Fuel and/or High-level Radioactive Waste ("Standard Contract") provides that upon notice to the Department of Energy ("DOE") a Purchaser may assign the rights and duties under the Standard Contract. 42 U.S.C. §10222(b)(3) ("The rights and duties of a party to a contract entered into under this section may be assignable with transfer of title to the spent nuclear fuel or high-level radioactive waste involved."); Standard Contract, Art. XIV, 10 C.F.R. § 961.11 ("The rights and duties of the Purchaser may be assignable with transfer of title to the SNF and/or HLW involved; *provided, however*, that notice of any such transfer shall be made within ninety (90) days of transfer."); see also Entergy Nuclear Indian Point 2, LLC v. United States, 62 Fed. Cl. 798, 799 & n.2 (2004).

On April 13, 2002, Seabrook Plaintiff FPL Energy Seabrook, LLC ("FPL Energy") and Canal (among other companies) entered into a purchase and sale agreement for the Seabrook Nuclear Power Station.[2] In particular, the Buyer FPL Energy Seabrook, LLC (and North

[1] The Seabrook Plaintiffs file this response in both Canal and FPL Energy Seabrook to allow both Judges a full record in light of RCFC 40.2(a)(3), instructing the Judge in an earlier-filed case to consult with the Judge in a later-filed case. Per the January 3, 2005 Order in FPL Energy Seabrook, this filing uses the captions from both cases.

[2] Purchase and Sale Agreement for the Seabrook Nuclear Power Station by and among North Atlantic Energy Corporation, the United Illuminating Company, Great Bay Power Corporation, New England Power Company, The Connecticut Light and Power Company, Canal

Atlantic Energy Service Corporation) acquired assets from Canal (and all other Sellers). FPL Energy acquired, inter alia, "the real property . . . easements and other rights in real property . . . and all rights arising out of the ownership thereof or appurtenant thereto . . . ." Purchase and Sale Agreement § 2.1(a)(ii), at 2. Additionally, FPL Energy acquired, inter alia, "all rights of the Sellers under . . . the DOE Standard Contract (including all rights to any claims of Sellers related to DOE defaults thereunder) . . . ." Purchase and Sale Agreement § 2.1(g), at 3. On November 1, 2002, the purchase and sale of Seabrook Nuclear Power Station closed and, on November 19, 2002, FPL Energy notified DOE of the ownership changes resulting from the purchase and sale. 11/19/2002 Letter from Rajiv S. Kundalkar, Vice President, FPL Energy Seabrook, LLC, to Beth Tomasoni, Contracting Officer, DOE (Attachment 2).

In its First Amended Complaint, Canal has asserted claims for a taking of the Seabrook Nuclear Power Station's real property and breaches of the Standard Contract and its implied covenant of good faith and fair dealing. The Government has moved to dismiss Canal's Complaint (prior to amendment), which initial Complaint apparently pled only takings claims. On December 20, 2004, the Canal Court granted the Government's motion to suspend the Government's response to Canal's First Amended Complaint.

## DISCUSSION

Generally, parties may assign rights to real property and contracts. Ginsberg v. Austin, 968 F.2d 1198, 1201 (Fed. Cir. 1992) (noting that "[t]he law of contracts is consistent with that of property on the subject of assignments" and that an assignee may receive a cause of action specifically or impliedly by agreement); Gulf States Creosotin Co. v. Loving, 120 F.2d 195, 199

Electric Company, Little Bay Power Corporation, and New Hampshire Electric Cooperative, Inc. as Sellers and North Atlantic Energy Service Corporation and FPL Energy Seabrook, LLC as Buyer dated April 13, 2002 ("Purchase and Sale Agreement") (Attachment 1 – Excerpts).

(4th Cir. 1941) ("A cause of action for breach of contract had therefore already arisen, and it is not disputed that such a cause of action is assignable."); 29 Richard A. Lord, Williston on Contracts § 74:10 (4th ed. 2003) (noting that "a right to damages for breach of contract is assignable"). As noted above, in accordance with the NWPA, the Standard Contract also provides for assignment of the rights and duties under the Standard Contract. See Entergy Nuclear Indian Point 2, 62 Fed. Cl. at 799 & n.2 ("This assignment provision in the NWPA is sufficiently broad that it arguably may apply to claims that have not yet been reduced to judgment, as well as to future rights and duties, depending upon the facts of a particular assignment, and thus may serve as an exception to the otherwise applicable proscription of the Assignment of Claims Act . . . .").

Based on the Purchase and Sale Agreement, Canal assigned its rights to assert any claims based on the Standard Contract or founded upon a taking of the Seabrook Nuclear Power Station's real property. As noted above, the Purchase and Sale Agreement clearly stated that FPL Energy acquired "all rights of the Sellers under . . . the DOE Standard Contract (including all rights to any claims of Sellers related to DOE defaults thereunder) . . . ." Purchase and Sale Agreement § 2.1(g), at 3. The Purchase and Sale Agreement also stated that FPL Energy acquired "the Sellers' claims, rights or causes of action against any Third Parties to the extent arising out of or relating to Sellers' right, title and interest in and to any of the Acquired Assets or the Assumed Liabilities or any portion thereof . . . ." Purchase and Sale Agreement § 2.1(t), at 5. The Purchase and Sale Agreement further gave FPL Energy the exclusive right to "control, defend and settle any litigation, administrative or regulatory proceeding, and any investigative or remediation activities arising out of or related to any Acquired Assets or Assumed Liabilities. . . ." Purchase and Sale Agreement § 5.15, at 64. Based on this language in the Purchase and Sale

Agreement, Canal has assigned its right to any cause of action based on DOE's breach of the Standard Contract and, therefore, is barred from making any claims for damages based on the Standard Contract. Indeed, in its First Amended Complaint, Canal acknowledges this assignment and states, "Canal maintains that the transfer of those claims was proper." Canal First Amended Complaint ¶ 59.

Also as noted above, FPL Energy acquired "the real property . . . easements and other rights in real property . . . and all rights arising out of the ownership thereof or appurtenant thereto . . . ." Purchase and Sale Agreement § 2.1(a)(ii), at 2. The Purchase and Sale Agreement also prevents Canal from asserting any claims based on the rights arising out of the Seabrook Nuclear Power Station's real property, and therefore, Canal cannot pursue its takings claim to the extent such claim relies on the Seabrook Nuclear Power Station's real property. Moreover, Canal is prohibited by the Purchase and Sale Agreement from pursuing any claim relating to DOE's default and FPL Energy has the exclusive right to control such claims. The claims asserted by Canal in this matter conflict with its obligations under the Purchase and Sale Agreement.

Generally, this Court will transfer a case under RCFC 42.1 "to ensure consistent application of the law to cases that involve similar legal issues" and "to make the best use of judicial resources by maximizing the efficiencies achieved by having a judge knowledgeable about transactions with similar issues of fact and/or similar parties preside over subsequent like-kind cases." Naplesyacht.com, Inc. v. United States, 60 Fed. Cl. 459, 480 (2004). The Seabrook Plaintiffs are the proper parties to bring claims for takings and breach pursuant to the terms of the assignment of rights under the Purchase and Sale Agreement. Accordingly, in this situation, the transfer of one case will neither make the best use of judicial resources nor maximize

efficiencies of the two cases by having one judge hear both cases. If Canal is dismissed, then transfer would not take advantage of one judge knowing the facts of both cases because the second case would no longer exist.

Notably, the Government itself concedes the inefficiency of combining these two cases (or, for that matter, transferring one of the cases). In particular, the Government states, "Because we do not believe that the Court needs to consolidate these cases if it grants the Government's pending motion [to dismiss], we believe that consolidation should await resolution of the fully-briefed motion[.]" Defendant's Motion to Transfer and Consolidate in Accordance with RCFC 40.2(a)(3) and 42.1 at 4 n.3. This logic applies equally to the question of transfer as it does to consolidation. If the Canal case somehow survives the Government's motion to dismiss (and the clear language of the Purchase and Sale Agreement), then this Court should perhaps revisit the question of transfer and consolidation. Until this Court has denied all of the Government's challenges to the Complaint and First Amended Complaint in Canal, however, such action is premature and these cases should remain on separate dockets.

## CONCLUSION

For the foregoing reasons, the Seabrook Plaintiffs request that the Court deny the Government's motion to transfer and consolidate the Canal and FPL Energy Seabrook cases.

Dated: January 11, 2005

Respectfully submitted,

s/Alex D. Tomaszczuk by s/Daniel S. Herzfeld
Alex D. Tomaszczuk
SHAW PITTMAN LLP
1650 Tysons Boulevard
McLean, VA 22102
(703) 770-7940 – telephone
(703) 770-7901 – facsimile

Attorney of Record for Plaintiffs:
FPL Energy Seabrook, LLC
Taunton Municipal Lighting Plant
Hudson Light and Power Department
Massachusetts Municipal Wholesale Electric Company

Of Counsel:
Jay E. Silberg
Walter F. Zenner
Daniel S. Herzfeld
Jack Y. Chu
SHAW PITTMAN LLP
2300 N Street, N.W.
Washington, D.C. 20037
(202) 663-8000

Mitchell S. Ross
Managing Attorney
FPL Energy Seabrook, LLC
700 Universe Boulevard
Juno Beach, FL 33408-0420

Nicholas J. Scobbo, Jr.
Ferriter Scobbo & Rodophele PC
125 High Street
Boston, MA 02110
Counsel for: Massachusetts Municipal Wholesale Electric Company and Hudson Light and Power Department

Robert G. Funke
58 Tremont Street
P.O. Box 628
Taunton, MA 02780
Counsel for: Taunton Municipal Lighting Plant

Document #: 1309418 v.7